# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr55

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RAFAEL WILFREDO RIVAS.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's letter dated April 22, 2009 which the Court construes as a *pro se* motion for the return of property.

On December 19, 2008, the Defendant was sentenced to 36 months imprisonment after pleading guilty to aggravated identity theft and possession of a firearm by an illegal alien. [Doc. 23]. A review of his presentence report discloses that a state search warrant was executed at his residence, 9618 Langston Mill Road, Charlotte, North Carolina, on February 27, 2008.[1] [Doc. 17]. During that search, law enforcement

---

[1] Items seized by state officials during the execution of a state search warrant may be ordered returned when the property has been used as evidence in a federal prosecution or is actually or constructively in the United States' possession. United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006).

officers found numerous firearms and ammunition as well as identification documents. [Id.].  In the letter, the Defendant asks for the return of unidentified items which were allegedly confiscated during that search.

Federal Rule of Criminal Procedure 41 provides in pertinent part that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g).[2]  Since the Defendant entered into a plea agreement with the Government which failed to preserve any right to attack the search and seizure, he may not now claim that the same was unlawful.  Although he has not stated in what manner he has been "aggrieved" by the deprivation of property, it appears he seeks the return of items seized during the search which led to his arrest.

A Rule 41(g) motion should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for property as evidence

---

[2] Technically, a post-conviction motion for the return of property is a civil action. United States v. Ebert, 39 Fed.Appx. 889 (4th Cir. 2002).  However, the Fourth Circuit finds ancillary jurisdiction in the trial court due to the provision in Rule 41(g) which allows such a motion to be filed in the district where the property was seized.  Id., *citing* United States v. Garcia, 65 F.3d 17 (4th Cir. 1995); *accord*, United States v. Minor, 228 F.3d 352, 356 n.3 (4th Cir. 2000) ("A criminal defendant may move pursuant to Rule 41[g] for return of property seized in his criminal case even after the close of trial."); United States v. Lindsey, 202 F.3d 261 (4th Cir. 2000).  Here, the property was seized in this district.

continues." United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002), *certiorari denied* 537 U.S. 1167, 123 S.Ct. 981, 154 L.Ed.2d 907 (2003). Although the Defendant has not identified the items which he claims should be returned, based on the contents of the presentence report, it is clear that he seeks the return of contraband. United States v. Bautista, 181 F.3d 91 **1 (4th Cir. 1999), *quoting* United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990), *certiorari denied sub nom* Duncan v. United States, 500 U.S. 933, 111 S.Ct. 2055, 114 L.Ed.2d 461 (1991) ("The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated."). Nor is the Court apprised whether administrative forfeiture proceedings were conducted concerning these items. United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 479 (2nd Cir. 1992) (cited with approval in Ibarra v. United States, 120 F.3d 472, 475 (4th Cir. 1997) (forfeiture proceedings cause a district court to lose jurisdiction over a Rule 41(g) motion).

Moreover, due to the lack of specificity, the Court is unable to ascertain whether the Defendant has made out a *prima facie* case of lawful entitlement. United States v. Lindsey, 202 F.3d 261 **1 (4th Cir. 2000), *citing* United States v. Chambers, 192 F.3d 374, 377 (3rd Cir. 1999) (if the defendant makes out a *prima facie* case of lawful entitlement to the

property, the burden shifts to the government to show it has a legitimate reason to retain the property).  As a result, the motion must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter is construed as a motion for the return of property, and as so construed is hereby **DENIED**.

Signed: June 15, 2009

Martin Reidinger
United States District Judge