# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr55

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> RAFAEL WILFREDO RIVAS. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *pro se* Notice of Motion and Motion for Return of Seized Property pursuant to Federal Rules of Criminal Procedure 41(g) [Doc. 33].

## BACKGROUND

On December 19, 2008, the Defendant was sentenced to 36 months imprisonment after pleading guilty to aggravated identity theft and possession of a firearm by an illegal alien. [Doc. 23]. The conviction stemmed from the execution of a state search warrant at the Defendant's residence, 9618

1

Langston Mill Road, Charlotte, North Carolina, on February 27, 2008.[1] [Doc. 17]. During that search, law enforcement officers seized numerous firearms and ammunition as well as illegal identification documents. [Id.]. Attached to the Defendant's motion is a copy of the inventory prepared by the Charlotte-Mecklenburg Police Department (CMPD) disclosing the items seized. [Doc. 33-1].

During an interview with law enforcement authorities, the Defendant admitted that he used illegal identification documents to purchase a 2004 Ford truck from Young Ford in Charlotte, North Carolina which he financed through Ford Motor Credit Company. [Id.; Doc. 35-2]. The inventory prepared by the CMPD does not list this truck as one of the items seized.

The Defendant has attached to his motion copies of letters written by his court-appointed attorney which show that she was in communication with the case agent and the prosecuting attorney concerning the return of the property to the Defendant's designee, Roxana Rivera. [Doc. 33-3; 33-4]. Apparently, communication ceased, resulting in the filing of this motion. [Id.].

---

[1] Items seized by state officials during the execution of a state search warrant may be ordered returned when the property has been used as evidence in a federal prosecution or is actually or constructively in the United States' possession. United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006). The Defendant was taken into federal custody from state custody.

## DISCUSSION

Federal Rule of Criminal Procedure 41 provides in pertinent part that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g).[2] Since the Defendant entered into a plea agreement with the Government which failed to preserve any right to attack the search and seizure, he may not now claim that the same was unlawful. Although the Defendant has not stated in what manner he has been "aggrieved" by the deprivation of property, the Government has responded that it does not oppose the release of certain items. The Defendant has not sought the return of the firearms and ammunition which clearly are contraband.

The Defendant does, however, seek the return of the 2004 Ford truck. The truck was purchased by the Defendant using false identification documents and thus, the Government argues, it is derivative contraband which may not be returned. Instead, the Government asks that the Court

---

[2] Technically, a post-conviction motion for the return of property is a civil action. United States v. Ebert, 39 Fed.Appx. 889 (4th Cir. 2002). However, the Fourth Circuit finds ancillary jurisdiction in the trial court due to the provision in Rule 41(g) which allows such a motion to be filed in the district where the property was seized. Id., citing United States v. Garcia, 65 F.3d 17 (4th Cir. 1995); accord, United States v. Minor, 228 F.3d 352, 356 n.3 (4th Cir. 2000) ("A criminal defendant may move pursuant to Rule 41(g) for return of property seized in his criminal case even after the close of trial."); United States v. Lindsey, 202 F.3d 261 (4th Cir. 2000). Here, the property was seized in this district.

order the truck to be turned over to Ford Motor Credit for repossession. Despite its position that the truck is contraband, the Government states that any proceeds remaining after repossession and sale of the truck may be returned to the Defendant. As noted, there is nothing in the record showing that the 2004 Ford truck was seized during the execution of the search warrant. Nor has the Government advised whether it sought forfeiture of the truck. Ibarra v. United States, 120 F.3d 472, 475 (4th Cir. 1997) (district court loses jurisdiction over Rule 41(g) motion once forfeiture proceeding begun).

A Rule 41(g) motion should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for property as evidence continues." United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002), *certiorari denied* 537 U.S. 1167, 123 S.Ct. 981, 154 L.Ed.2d 907 (2003). "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." United States v. Bautista, 181 F.3d 91 **1 (4th Cir. 1999), *quoting* United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990), *certiorari denied* 500 U.S. 933, 111 S.Ct. 2055, 114 L.Ed.2d 461 (1991). The Court therefore finds that certain items, as listed below, of the Defendant's personal property which are not contraband may

4

be returned to the Defendant's designee, Roxana Rivera. [Doc. 37].

Other items of personal property include two wallets and identification documents of other individuals, property which actually belongs to CMPD, two license plates, and currency. The wallets (Control Numbers 7987, 8097) contain a resident alien card, a North Carolina driver's license, an identification card and an Ohio driver's license none of which are legally issued to the Defendant. They either are stolen or false identification documents and as such may not be returned to the Defendant. Stancil v. United States, 978 F.2d 716 **2 (9th Cir. 1992) (defendant has no lawful right to possess false identification documents which therefore may not be returned); *accord*, United States v. Owad, 2007 WL 4560669 (N.D.N.Y. 2007). Compact discs identified as Control Numbers 7901 and 8044 contain the crime scene images photographed by CMPD during the search. Miscellaneous tools, tactical distraction devices identified as Control Number 8191, are also the property of CMPD. Two expired North Carolina license plates (Control Number 7872) were used on vehicles located at the Defendant's residence and the Government will be instructed to return them to the North Carolina Department of Motor Vehicles. United States currency totaling $292 was seized from the residence. Although the Government

states that it is willing to return any portion thereof not needed to pay the Defendant's special assessment, the Court will require the funds to be used to pay any outstanding special assessment and the Defendant's court appointed counsel fees. [Doc. 23, at 4]. The Government shall file proof of the amounts owed in the record. To the extent there are other items which the Government agrees should be returned, it may provide them to the designee.

As to the 2004 Ford truck, the Court finds that the Defendant "is not entitled to lawful possession" of it because it is contraband. United States v. Rudisill, 358 Fed.Appx. 421 (4th Cir. 2009), *petition for certiorari filed* (March 26, 2010); United States v. Abbas, 2008 WL 1815796 (C.D.Cal. 2008) (products obtained by lying on credit applications that misled companies into believing creditworthiness are contraband). Although the Government seeks permission from the Court to turn the vehicle over to Ford Motor Credit, there is nothing in the record showing that it has been seized. Rudisill, supra. ("There is no evidence that $2,956 was seized from Rudisill as he claims."); United States v. Srivastava, 540 F.3d 277, 294 n.20 (4th Cir. 2008), *certiorari denied* 129 S.Ct. 2826, 174 L.Ed.2d 552 (2009) (The Government's "voluntary return of property seized under a valid warrant" "resulted from an agreement of the parties, ... obviating the need for a court proceeding under" Rule 41(g).).

6

Nonetheless, "the Government may retain property if ... the defendant fails to demonstrate that he is lawfully entitled to its return."  United States v. Rodriguez, 2009 WL 3698408 (W.D.N.C. 2009), *citing* Babb v. DEA, 146 Fed.Appx. 614, 620 (4th Cir. 2005).  In short, the Defendant is not entitled to return of the truck and the Government has placed nothing before the Court showing that instruction is required as to its disposition.[3]

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Notice of Motion and Motion for Return of Seized Property pursuant to Federal Rules of Criminal Procedure 41(g) [Doc. 33] is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Government is ordered to return the following items to Roxana Rivera, the Defendant's designee: HP Notebook Computer (Control Number 8110); Compaq Desktop Computer (Control Number 8110); Tote Bags (Control Numbers 8104, 8204, 8209); Miscellaneous books (Control Numbers 7872, 8196); Cameras (Control Number 7843); Cell

---

[3] The same reasoning applies to the Government's request that the Court order the CMPD to destroy the firearms and ammunition seized and which remain in its possession.  The Defendant has not moved for the return of these items and the Court declines to instruct the CMPD on the disposition thereof.

7

Phone (Control Number 8199) and Camera Lens (Control Number 8205).

2. The Government shall effect the return of two expired North Carolina license plates (Control Number 7872) to the North Carolina Department of Motor Vehicles.

3. On or before forty-five (45) days from entry of this Order, the Government shall file proof in the record of the balance of the $200 special assessment which has not been paid as well as the remaining amount of court-appointed attorney's fees which have not been paid. The Government shall apply the United States currency totaling $292 towards those obligations and file a statement in the record to that effect.

4. To the extent the Government agrees that other items seized may be returned to the Defendant, it may return them to the Defendant's designee, Roxana Rivera.

5. All other requests for the return of property and/or the disposition thereof are denied.

Signed: June 18, 2010

Martin Reidinger
United States District Judge